IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cv-00949-WDM-MEH

IN THE MATTER OF THE APPLICATION OF HSBC BANK PLC FOR LEAVE TO ISSUE A SUBPOENA IN AID OF PROCEEDINGS BEFORE A FOREIGN TRIBUNAL

## ORDER ON MOTION TO REOPEN THE TIME TO FILE AN APPEAL

Miller, J.

This matter is before me on the Motion to Reopen the Time to File an Appeal (doc no 6), filed by interested party Robert W. Mann, individually and as trustee for the Robert W. Mann Retirement Trust (collectively "Mann"). Applicant HSBC Bank Plc ("HSBC") opposes the motion. After a review of the pleadings and the parties' written arguments, I conclude oral argument is not required. For the reasons that follow, the motion will be denied.

### Background

HSBC applied to this court pursuant to 28 U.S.C. § 1782 (doc no 1) (the "Application") for a subpoena to obtain documents and take the deposition of Kit Bradshaw, a witness with discoverable information pertaining to an ongoing lawsuit in London, England (the "London Action"). Mann is a defendant in the London Action. I granted HSBC's Application on May 16, 2007 and the deposition took place on August 7, 2007. Mann was informed of the deposition no later than July 24, 2007 and he and his attorney attended and participated in the deposition. Mann did not seek to intervene in this case and did not move to quash the subpoena.

Mann now seeks pursuant to FRAP 4 (a)(6) to reopen the time to file an appeal challenging the grant of the Application.  Mann argues that because he did not receive notice of my order granting the Application within 21 days of its issuance, he is entitled to reopen the time for appealing the order.

According to HSBC, it sent a copy of the Application for discovery and draft of the subpoena to Mann on May 11, 2007, but that Mann returned the package containing the documents unopened.  After learning that Mann had engaged new counsel, HSBC notified Mann's attorney of the deposition and forwarded a copy of HSBC's Application and my order.  After the deposition, which took place in Denver, Colorado, HSBC's attorneys were served with envelopes containing a Verified Petition for Depositions Pursuant to Fed. R. Civ. P. 27 in Case No. 07-mc-0057-BNB, filed earlier that day.  In the petition, Mann sought to obtain discovery from these attorneys for a case to be filed based on their conduct in the London Action.  Magistrate Judge Boyd Boland denied the petition on August 28, 2007.

HSBC argues that Mann's Motion to Reopen should be denied because he has no right to appeal the order permitting discovery and the Motion to Reopen is untimely. I agree in part.  Although Mann is not a party, he is not necessarily precluded from appealing my order.  *See, e.g., In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216 (10th Cir. 1976) (appeal of order on motion to quash by witnesses compelled to give testimony under 28 U.S.C. § 1782 for proceeding in Japan). However, I agree with HSBC that Mann has waived any objections to the order or the deposition since he did not seek to quash the subpoena or otherwise attempt to

prevent the deposition from going forward, but rather attended and participated. *See id.* at 1220 ("The witnesses can and have raised objections and exercised their due process rights by motions to quash the subpoenas.")  Moreover, I do not understand what type of remedy he would seek from the Tenth Circuit on appeal, even if it were determined that my order was in error, since the deposition cannot be "undone" and the use to which the testimony will be put is beyond the scope of this proceeding.

Moreover, Mann does not satisfy the requirements of FRAP 4(a)(6), which permits the district court to reopen the time to file an appeal if (A) the court finds that the moving party did not receive notice under Fed. R. Civ. P. 77(d) of the entry of the judgment or order sought to be appealed from within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Fed. R. Civ. P. 77(d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced.  Fed. R. Civ. P. 77(d) provides that upon entry of an order or judgment, the clerk of the court shall serve notice of the entry upon each party who is not in default for failure to appear; however, the same rule provides that "Any party may in addition serve notice of such entry in the manner provided in Rule 5(b) for the service of papers."  It is undisputed that Mann was served with notice of the entry of my order no later than July 24, 2007.  Accordingly, he would have had to have filed his motion on or before August 2, 2007.  However, the Motion to Reopen was filed August 27, 2007, and was thus untimely.  In addition, I

agree that HSBC would be prejudiced by permitting the untimely and questionable appeal of my discovery order to proceed.

    Accordingly, it is ordered:

1.    The Motion to Reopen the Time to File an Appeal (doc no 6) is denied.

    DATED at Denver, Colorado, on October 9, 2007.

    BY THE COURT:

    s/ Walker D. Miller
    United States District Judge